IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>      vs.<br><br>WILLIAM F. BRAUN MILK HAULING, INC., STEPHEN R. BRAUN and AMY M. FASIG,<br><br>      Defendants. | Case No. 12-cv-1075-JPG-DGW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Cincinnati Insurance Company's ("CIC") motion for summary judgment (Doc. 29). Defendants William F. Braun Milk Hauling Company ("Braun Milk"), Stephen R. Braun and Amy M. Fasig (collectively "Defendants") filed their responses (Docs. 36 & 37) to which CIC replied (Doc. 38). For the following reasons, the Court grants CIC's motion for summary judgment.

**1. Background**

The facts giving rise to the instant declaratory judgment action are as follows. Braun Milk is a freight shipping and trucking company. One of its trucks was involved in an automobile accident resulting in a diesel fuel spill. After the Environmental Protection Agency ordered Braun Milk to clean up the spill, Braun Milk's auto insurance company, Northland Insurance Company ("Northland"), employed Highway Technologies, Inc. and Transportation Spill Solutions to facilitate the clean-up.

Freeman Environmental Services, a subcontractor in the clean-up effort, employed Fasig as a "flagman" during the clean-up. On March 30, 2012, while driving a Braun Milk semi-

tractor trailer, Stephen Braun hit Fasig as she was working at the clean-up site. She suffered severe injuries, including the amputation of her left arm. Stephen Braun was charged with failure to yield in a construction zone and failing to reduce speed to avoid an accident.

Fasig filed suit against Braun Milk, Stephen Braun, Highway Technologies, Inc., and Transportation Spill Solutions in the Circuit Court for the Twentieth Judicial Circuit, Monroe County, Illinois, *Fasig v. William F. Braun Milk Hauling, Inc., et al.*, Case No. 12-L-10. Fasig's second amended complaint lists the following causes of action: (1) Count One – Negligence for the March 30, 2012 accident against Braun Milk; (2) Count Two – Negligence for the March 30, 2012 accident against Stephen Braun; (3) Count Three – Negligence in the handling of the cleanup against Braun Milk; (4) Count Four – Violations of the Road Construction Injuries Act against Braun Milk; (5) Count Five – Violation of the Road Construction Injuries Act (Duty to Obey Flagmen) against Stephen Braun; (6) Count Six – Violation of the Road Construction Injuries Act (Duty to Obey Flagmen) against Braun Milk; (7) Count Seven – Negligence in Handling of Cleanup against Highway Technologies, Inc.; (8) Count Eight – Negligence in Handling of Cleanup against Transportation Spill Solutions; (9) Violations of the Road Construction Injuries Act against Highway Technologies, Inc.; and (10) Count Ten – Violations of the Road Construction Injuries Act against Transportation Spill Solutions. Doc. 32-2.

Effective at the time of the March 30, 2012 accident was a Northland commercial automobile liability insurance policy. Northland is providing defense for Braun Milk and Stephen Braun with respect to Counts One, Two, Five, and Six in the state-court lawsuit. Also in effect at the time of the accident was a CIC commercial general liability ("CGL") insurance policy. The CIC policy excludes automobile liability coverage, umbrella coverage, and excess coverage. Specifically, the CIC CGL policy automobile exclusion provides as follows:

    2. Exclusions. This insurance does not apply to:

    . . .

    "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured.

    This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

Doc. 2-2, p. 20.

    CIC has filed the instant declaratory judgment action seeking a declaration under 28 U.S.C. § 2201 that CIC has no duty to defend or indemnify Braun Milk or Stephen Braun in the state-court lawsuit. CIC contends that the terms of the insurance policy exclude coverage. CIC further argues that, even if the terms of the policy do not exclude coverage in this instance, courts have found that where both a covered and excluded cause of action exists, an insurer need not provide coverage under either cause of action if they are "inextricably intertwined." In the alternative, CIC seeks a declaration that the CIC policy is excess over any other insurance, and CIC has no duty to defend Braun Milk or Stephen Braun in the state-court lawsuit because Northland is already providing their defense.

    Defendants contend that the CIC policy should also provide coverage to Braun Milk and Stephen Braun in Counts Three and Four of the state-court lawsuit because the state-court lawsuit "arises out of two separate and distinct occurrences of alleged negligence." Doc. 36, p. 1. Specifically, they argue that Counts One, Two, Five and Six of the state-court lawsuit allege Stephen Braun was negligent in operating the truck; and Counts Three and Four allege causes of

action arising from Braun Milk's negligence in overseeing the clean-up operation. Braun Milk and Stephen Braun do not argue that CIC must provide coverage for the causes of action related directly to Stephen Braun's negligence in driving the truck contained in Counts One, Two, Five and Six. They do, however, argue that CIC is required to provide coverage for the clean-up negligence alleged in Counts Three and Four. Fasig's response mirrors Braun Milk's and Stephen Braun's response. The Court will now consider whether CIC is entitled to judgment as matter of law in its declaratory judgment action.

**2. Analysis**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the

parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

  An insurer must defend an action against its insured unless it is clear that the alleged claims do not fall within the terms of the policy.  *Nautilus Ins. Co. v. 1452-4 N. Milwaukee Ave., LLC*, 562 F.3d 818, 822 (7th Cir. 2009) (citing *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 607 N.E.2d 1204, 1212 (1992)); *Northbrook Prop. and Cas. Co. v. Transp. Joint Agreement*, 741 N.E.2d 253, 254 (Ill. 2000).  CIC carries the burden in demonstrating coverage is excluded. *Nautilus Ins. Co.*, 562 F.3d at 821.

  Fasig's claims against Braun Milk and Stephen Braun contained in Counts One, Two, Five and Six are clearly excluded by the terms of the policy.  These claims all arise out of Braun Milk employee Stephen Braun's use of an auto.  Defendants do not argue otherwise.  Accordingly, CIC has no duty to defend or indemnify Braun Milk or Stephen Braun with respect to Counts One, Two, Five and Six.

  The application of the automobile exclusion to Counts Three and Four is not as clear to the parties. Count Three alleges negligence in the handling of the cleanup against Braun Milk.  Specifically, Fasig alleges that Braun Milk "failed to have a safe traffic flow plan in place for the duration of the oil spill cleanup operation"; "failed to warn motorists of the ongoing spill cleanup"; and "failed to provide a sufficient number of flagmen in order to appropriately warn motorists of the ongoing work concerning the cleanup."  Doc. 32-2, p. 7.  Count Four alleges violations of the Road Construction Injuries Act against Braun Milk.  Specifically, Fasig alleges Braun Milk "fail[ed] to employ the proper number and placement of flagmen for the duration of

the oil spill cleanup operation" and "fail[ed] to mark the cleanup area with proper signs and barricades." Doc. 32-2, p. 10. While these are different theories of recover, the fact remains that the bodily injury arose from Braun Milk's use of an automobile which is clearly excluded from coverage. Accordingly, CIC has no duty to defend Braun Milk or Stephen Braun in Counts Three and Four of Fasig's state-court complaint.

Even if this Court were to find that the terms of the policy did not exclude the coverage for the allegations in Counts Three and Four, CIC argues Illinois law provides that where included and excluded claims are "inextricably intertwined" the insurer has no need to defend or indemnify the insured. Defendants, however, argue that the allegations in the state-court complaint arise out of "separate and distinct occurrences of alleged negligence," and the automobile exclusion is not applicable to Counts Three and Four. Doc. 36, p. 1. CIC and Defendants have cited to several cases which purportedly support each of their positions.

CIC relies on *Northbrook*, a case brought by students on board a school bus that collided with a train, in which the CGL policy contained an auto exclusion provision, similar to the CIC auto exclusion, excluding "'[b]odily injury' . . .arising out of the . . . use or entrustment to others of any . . . 'auto' . . . owned or operated or rented or loaned to any insured." *Northbrook Prop. & Cas. Co.*, 741 N.E.2d at 254. The Illinois Supreme Court concluded that the policy did not provide coverage for the school district's alleged failure "to adequately plan and inspect bus routes and warn bus drivers of potential hazards" because these allegations of negligence arose from the school district's negligent operation of the bus. *Id*. at 254-55. In so holding, the court rejected the appellate court's reasoning that the exclusions were inapplicable because "the injuries could have arisen from causes other than use or operation of the bus." *Id*. at 254.

The Seventh Circuit considered *Northbrook* in deciding *Nautilus Ins. Co. v. 1452-4 N. Milwaukee Avenue, LLC*, 562 F.3d 818 (7th Cir. 2009). In *Nautilus*, the insurer sought a declaration that it had no duty to defend or indemnify its insured against allegations that excavations on the insured's property performed by contractors and a subcontractor caused damage to the neighboring building. *Id*. at 819. The insurance policy excluded from coverage damage caused by contractors or subcontractors performing work for the insured. *Id*. at 821. The underlying complaint included an allegation that the insured failed to give a statutorily required notification of the excavation. *Id*. at 822. The district court found a duty to defend because the insured "might be liable 'based on its own conduct, not that of contractors or subcontractors," because the insured failed to give the statutorily required notice. *Id*.

The Seventh Circuit reversed, stating as follows:

> While it is true that the statutory duty of the property owner is independent of the duties of contractors and subcontractors, there is no separate or independent compensable *injury*; a failure to comply gives rise to liability for any property damage "arising from" the excavation. Thus, the statutory claims in the underlying complaints seek recovery for the same loss as all the other claims – the property damage arising out of the faulty excavation performed by [the insured]'s contracts and subcontractor – and coverage for *that* property damage is excluded by the contractor-subcontractor exclusion.

*Id*.

The Seventh Circuit relied on three Illinois cases – *Northbrook*, *Massachusetts Bay*, and *Oakley* – in concluding that Illinois precludes coverage for such "intertwined claims." *Id*. All three Illinois cases examined exclusions to a CGL policy and sought damages arising out of automobile accidents caused by the insureds' truck or bus drivers. *Id*. In *Oakley*, the Illinois appellate court concluded coverage was excluded for negligent entrustment and negligent supervision claims because those claims were "not independent of, but inextricably intertwined with, the employee's use of the truck." *Oakley Transp., Inc. v. Zurich Ins. Co.*, 648 N.E.2d

7

1099, 1107 (Ill. App. Ct. 1995). In *Massachusetts Bay*, the Illinois appellate court concluded the insurer did not have to defend a claim against the insured that it failed to comply with a drug testing regulation where its employee was under the influence during the accident because the claim was "specifically dependent upon the fact that [the plaintiffs'] injuries occurred in a vehicle accident." *Mass. Bay Ins. Co. v. Uniquet Presort Servs.*, 679 N.E.2d 476, 479 (Ill. App. Ct. 1997). The Seventh Circuit noted *Northbrook* found the automobile exclusion precluded coverage because "the [plaintiffs]' complaints failed to allege that the injuries arose from events wholly independent of any negligent operation of the bus." *Nautilus Ins. Co.*, 562 F.3d at 823 (quoting *Northbrook Prop.*, 741 N.E.2d at 254-55).

Defendants cite to *Louis Marsch, Inc. v. Pekin Insurance Company*, an Illinois appellate opinion, arguing that *Marsch* is similar to the case at hand and compels a conclusion that the auto exclusion does not apply to Counts Three and Four of Fasig's state-court complaint. 491 N.E.2d 432 (Ill. App. Ct. 1985). In *Marsch*, the insured was performing road work when the insured's employee was driving a dump truck in reverse and struck a minor child riding a motorbike. *Id*. at 434. Among other allegations, the complaint stated a violation of the Road Construction Injuries Act alleging that the insured "failed to employ the proper number and placement of flagmen while the roadwork was taking place, and failed to mark a closed portion of the road with suitable warning signs or barricades." *Id*. at 437. The appellate court noted that there were numerous ways in which the improper use of flagmen and warning devices could have injured the child. *Id*. For instance, the child "could have struck a worker, an excavation, or piled materials." *Id*. The court concluded that if "the liability of an insured arises from negligent acts which constitute non-auto-related conduct, the policy should be applicable regardless of the automobile exclusion or the fact that an automobile was involved in the occurrence." *Id*.

The First District, the Illinois appellate court that decided *Marsch*, reconciled *Marsch* and *Northbrook* in *Abesamis*, an unpublished 2012 decision. *See State Farm Fire & Cas. Co. v. Abesamis*, No. 1-12-0541, 2012 WL 6964879, at *3 (Nov. 12, 2012). The *Abesamis* court explained that in *Northbrook* the auto exclusion applied because "'no matter how poorly planned, a bus route could not, on its own, proximately cause injuries to the students without the actual operation of the bus.'" *Id*. at *2 (citing *State Farm Fire & Casualty Co. v. Perez*, 899 N.E.2d 1231, 1240 (Ill. App. Ct. 2008)). *Marsch*, however, was a case "where the injury could have occurred in the absence of the use of the vehicle." *Abesamis*, 2012 WL 6964879, at *3.

In considering the aforementioned cases, the Court is mindful that federal courts sitting in diversity give great weight to state intermediate appellate court decisions absent some indication that the highest court of the state would rule otherwise. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 635 (7th Cir. 2007). Here, the Illinois appellate court's reasoning in *Marsch* and *Abesamis* is inconsistent with the Seventh Circuit's reasoning in *Nautilus* which interpreted the Illinois Supreme Court's decision in *Northbrook*. Accordingly, because *Northbrook* and *Nautilus* provide the indication that the Illinois Supreme Court may decide the issues in *Marsch* differently, the Court declines to follow *Marsch*'s reasoning.

Here, Counts Three and Four of Fasig's state-court complaint allege injuries that arise from Braun Milk's use of an automobile. These injuries are clearly excluded by the CIC CGL policy. The fact that Fasig has presented more than one theory of recovery against Braun Milk for her injuries arising from Braun Milk's use of an auto does not change the fact that there is only one compensable injury. Defendants argue that Fasig's injuries could have arisen from causes other than Stephen Braun's use of the truck; however, *Northbrook* expressly rejected this same reasoning relied upon by the Illinois appellate court. *See Northbrook*, 741 N.E.2d at 254.

9

Because the injury for which Fasig seeks to recover is excluded, CIC has no duty to defend or indemnify Braun Milk on Counts Three and Four of the state-court complaint.

### 3. Conclusion

For the foregoing reasons, the Court **GRANTS** CIC's motion for summary judgment (Doc. 29) and **DECLARES** as follows:

> Cincinnati Insurance Company has no duty to defend or indemnify William F. Braun Milk Hauling, Inc. or Stephen R. Braun with respect to any of the allegations in the complaint in *Fasig v. William F. Braun Milk Hauling, Inc., et al.*, Case No. 12-L-10 in the Circuit Court for the Twentieth Judicial Circuit, Monroe County, Illinois.

The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** October 21, 2013

s/ J. Phil Gilbert<br>
**J. PHIL GILBERT**<br>
**DISTRICT JUDGE**